<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KASSIM MOUZONE,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY IMPROVEMENT, *et al*.,<br><br>Defendants. | Case No. 2:21-cv-15950 (BRM) (JSA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are Defendants Community Improvement, Jerry Lobozzo, and City of Paterson's ("Defendants") Motion to Dismiss (ECF No. 34) Plaintiff Kassim Mouzone's ("Plaintiff") Amended Complaint (ECF No. 21) pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff filed an Opposition on January 9, 2024. (ECF No. 35.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**I.     BACKGROUND**

   **A.     Factual Background**

For the purpose of this Motion to Dismiss, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory*

*Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

On June 20, 2021, at approximately 3:09 P.M., Plaintiff appeared at Community Improvement in Paterson, NJ to inspect and examine a Certificate of Occupancy which Plaintiff claims is a public record under the New Jersey law. (ECF No. 21 at 2.) Plaintiff alleges a female employee denied Plaintiff's request and that another employee named Jerry Lobozzo ("Lobozzo") joined the conversation to refuse his request. (*Id.*) Plaintiff further alleges Mr. Lobozzo stated Plaintiff was required to make, but had not yet made, an Open Public Records Act ("OPRA"), which Plaintiff had not done, and that he needed to provide identification. (*Id.*)

Based on these allegations, Plaintiff concludes he was denied the "right to access of public records and deprived of equal protection by the law to exercise the same constitutional right other citizens would have [i]n similar situations" (*Id.*) Plaintiff alleges Defendants violated his First Amendment, Fifth Amendment, Fourteenth Amendment, the Civil Rights Act of 1964 Title IV, and Civil Rights Act of 1964 Title VI under color of law. (Comp. (ECF No. 1)). Plaintiff also accuses Defendants of violating both OPRA and the Freedom of Information Act ("FOIA") by "denying and refusing to allow [Plaintiff] to inspect and examine a Certificate of Occupancy." (ECF No. 21. at 2–3.)

Defendants assert the Court lacks subject matter jurisdiction under the well-pleaded complaint rule. (ECF No. 34 at 11.) Defendants argue no federal question exists because Plaintiff's "right to relief is not dependent on the federal statutes merely cited," and his allegations are only "conclusory statements." (*Id.* at 11–12.) In the alternative, Defendants claim "Plaintiff has failed to allege any facts to support its claim against the Defendants or that the Defendants engaged in any unconstitutional activity." (*Id.* at 13.) Defendants further assert Plaintiff can only make FOIA

violation claims against federal agencies, not municipal entities. (*Id*. at 13–14.) Defendants also argue Plaintiff's claim under OPRA fails to state a cause of action because the City Clerk fulfilled Plaintiff's OPRA request, rendering any OPRA claim moot. (*Id*. at 14–16.)

**B.     Procedural History**

On August 24, 2021, Plaintiff filed his initial Complaint, asking the Court for relief from Defendants' alleged Constitutional and Freedom of Information Act violations. (ECF No. 1.) On October 1, 2021, Defendants filed a Motion to Dismiss. (ECF No. 6.) On October 12, 2021, Plaintiff filed a Motion to Amend. (ECF No. 7.) On October 13, 2021, the Court administratively terminated Defendants' Motion to Dismiss pending the Motion to Amend. (ECF No. 8.) On December 9, 2021, Plaintiff filed a Motion for Summary Judgment. (ECF No. 10.) On January 7, 2022, the Court denied Plaintiff's Motion to Amend and Plaintiff's Motion for Summary Judgment. (ECF No. 14.) On January 13, 2022, Defendants refiled a Motion to Dismiss with the Court's permission. (ECF No. 16.) On August 5, 2022, the Court granted Defendants' Motion to Dismiss and dismissed the case without prejudice and with leave to amend. (ECF No. 20.)

On August 17, 2022, Plaintiff filed his Amended Complaint, seeking the same relief as in the initial complaint. (ECF No. 21.) On December 1, 2022, Plaintiff filed a Notice of Appeal. (ECF No. 23.) The United States Court of Appeals for the Third Circuit ("USCA") dismissed Plaintiff's appeal because the District Court "had not yet entered a final order." (ECF No. 25 at 1.) Because the Amended Complaint was still unanswered, the Court permitted Defendants until November 28, 2023 to file an answer or otherwise respond to Plaintiff's Amended Complaint. (ECF No. 28.) On January 2, 2024, Defendants filed a third Motion to Dismiss. (ECF No. 34.) On January 9, 2024, Plaintiff filed a Response in opposition. (ECF No. 35.)

II.     LEGAL STANDARD

   A.     Rule 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) exists in two forms, "those which 'attack the complaint on its face' and those which 'attack the existence of subject matter jurisdiction in fact, quite apart from any pleading.'" *Mortensen v. First Federal Sav. and Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977). A facial attack "is an argument that considers a claim on its face and asserts that it is insufficient to invoke the [subject-matter] jurisdiction of the court." *Team Angry Filmworks, Inc. v. Geer,* 171 F. Supp. 3d 437, 440 (W.D. Pa. 2016) (quoting *Constitution Party of Pa.*, 757 F.3d 347, 358 (3d Cir. 2014). Similar to a 12(b)(6) motion, this form of a 12(b)(1) motion requires a presumption of truthfulness regarding the complaint's allegations. *Mortenson* 549 F.2d at 891. A "[facial] attack can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint." *Constitution Party of Pa.*, 757 F.3d at 358 (quoting *Mortenson,* 549 F.2d at 889-92)). Thus, a facial attack "contests the sufficiency of the pleadings." *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012).

In contrast, a factual attack "is an argument that there is no subject matter jurisdiction because the facts of the case—and here the District Court may look beyond the pleadings to ascertain the facts—do not support the supported asserted jurisdiction." *Constitution Party of Pa.*, 757 F.3d at 358. This form of attack "concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." *Id* (quoting *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). While a facial attack requires the same standard of review as a 12(b)(6) motion to dismiss, "no presumptive truthfulness attaches to plaintiff's allegations." (*Mortenson*, 549 F.2d at 891).

Substantively, "the threshold question of federal jurisdiction begins with application of the 'well-pleaded complaint rule,'" where "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (*Pennsylvania v. Tap Pharmaceutical Products, Inc.,* 415 F. Supp. 2d 516, 522 (E.D. Pa. 2005) (quoting *Goepel v. Nat'l Postal Mail Handlers Union,* 36 F.3d 306, 309 (3d Cir. 1994))). A federal question exists when "a suit arises under the Constitution and laws of the United States [and] only when the plaintiff's statement of his own cause of action shows that it is based upon those laws of that Constitution." (*Caride v. Altman,* 623 F. Supp. 3d 441, 456 (D. NJ. 2022) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908))).

A purported federal claim will not create subject matter jurisdiction where it "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation omitted). Indeed, district courts are empowered to dismiss claims that are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Davis v. Fargo*, 824 F.3d 333, 350 (3d Cir. 2016).

**B.     Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* (alterations in original). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). Instead, assuming factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed,

after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

### III.   DECISION

Defendants argue Plaintiff's Amended Complaint should be dismissed on two grounds. First, for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and second, for failure to state a claim upon which relief may be granted, pursuant to Fed R. Civ. P. 12(b)(6). (ECF No. 34.) Specifically, Defendants argue the Amended Complaint lacks a federal question presented, when viewed under the well-pleaded complaint rule. (ECF. No. 34 at 11–12.) Defendants also argue the Amended Complaint fails to state a claim because: (1) Plaintiff "has

failed to allege any facts to support its claim against the Defendants or that the Defendants engaged in ay unconstitutional activity;" (2) FOIA does not create a private right of access to municipal records; and (3) Plaintiff's claim under OPRA are moot. (ECF No. 34 at 13–15.) Defendants assert Plaintiff's Amended Complaint simply lists violations of federal law and that "no factual basis has been provided as to how these rights were violated or how the interaction between plaintiff and the defendants on the day in question related to them." (*Id*. at 12.)

In opposition, Plaintiff contends: (1) he has the right, under the First Amendment, to record public officials; (2) Defendants violated the Fourteenth Amendment by denying Plaintiff access to public records in retaliation for Plaintiff recording them; and (3) both OPRA and FOIA grant a "common law right of access to inspect public records." (ECF No. 35 at 2–3.)

Plaintiff's Amended Complaint is not substantially different from his original complaint that was previously dismissed. (*Compare* ECF No. 1, *with* ECF No. 21; ECF No. 20.) Plaintiff continues to allege that Defendants violated several federal laws by denying him immediate access to records in retaliation for Plaintiff recording Defendants. (ECF No. 21 at 1–2.) However, Plaintiff does not allege Defendants stopped, prevented, or restricted him from actually recording them, nor does he allege he was treated differently or discriminated against. Plaintiff explicitly alleges that Defendants "denied" his request because he was required to file, but had not filed, an OPRA request. (*Id.* at 2.)[1] Merely asking Plaintiff to comply with the City's rules and procedures does not constitute a constitutional violation.[2] Essentially, Plaintiff's claims are based on an interaction

---

[1] While the Court must accept the well-plead factual allegations in the Amended Complaint as true and cannot consider allegations asserted in Defendants' motion, the Court highlights Defendants' contention that, shortly after Plaintiff's interaction with Defendants, the City Clerk timely completed Plaintiff's document request. (ECF. No. 34 at 16 (citing (Ex. No. 5.))

[2] Plaintiff does not allege the City's procedures for obtaining public records are unconstitutional.

with Defendants wherein he was ultimately allowed him to do what he wanted to do. As with the prior complaint, the Court concludes it is "without power to entertain" Plaintiff's claims that his federal rights were violated, because Plaintiff's allegations do not support any violation of federal law. *Allen v. Am. Federal,* 276 F. App'x 197, 199 (3d Cir. 2008). Accordingly, Defendants' Motion to Dismiss is granted.

### IV. CONCLUSION

For the reasons set forth above, Defendants Motion to Dismiss (ECF No. 34) Plaintiff's Amended Complaint (ECF No. 21) is **GRANTED**, and Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE.** Pursuant to Federal Rule of Civil Procedure 15, the Court finds Plaintiff has not demonstrated an amendment is warranted because any attempt to amend would be futile.[3] An appropriate Order follows.

*/s/ Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE

Dated: August 9, 2024

---

[3] Plaintiff was given an opportunity to amend, but his Amended Complaint was nearly identical to the initial complaint. (*See* ECF Nos. 1; 21.) As such, any amendment would be futile as Plaintiff failed to overcome the deficiencies addressed by this Court in amending his initial complaint.